STEINER, ADMR., APPELLEE, *v.* RAINER ET AL., APPELLANTS.

(No. 2745—Decided November 7, 1941.)

*Mr. James A. Ewing,* for appellee.
*Mr. V. L. Fishel,* for appellants.

CARTER, P. J. This is an appeal from a judgment of the Probate Court, wherein a petition was filed in that court to determine heirship under the provisions of Section 10509-95, General Code. It was agreed by and between counsel that the cause should be heard in this court on questions of law only.

The petition alleges that Emma Deacher died and left surviving her certain nieces and nephews and their descendants; and that V. L. Fishel, guardian of the estate of Howard Byers, an incompetent, claims some interest in the property of decedent Emma Deacher. The petition prays for a determination as to who are the heirs at law and next of kin of the deceased.

In his answer Fishel, guardian, admits certain allegations of the petition and then denies that any of the nephews and nieces, or any of their descendants, are the heirs at law and next of kin of Emma Deacher. The guardian alleges that Howard Byers, his ward, at the time of the decease of Emma Deacher, was her legally adopted child, her only heir at law, and the only person having the next estate of inheritance in

the premises described in the petition and in certain personal property of which deceased died seized; and that Howard Byers, who is also known as John Deacher, is the only person entitled to inherit the property in question. The answer prays that the court so determine.

A reply was filed which is a general denial save and except admissions of certain allegations of the petition of plaintiff.

The issues thus joined, the cause came on for hearing in the Probate Court. That court made a finding in substance that the nieces and nephews and their descendants are the heirs at law and next of kin of Emma Deacher, deceased, and entitled to inherit and possess absolutely in fee simple the real and personal estate of Emma Deacher, deceased, and perpetually enjoined Howard Byers, or anyone claiming under him, from ever asserting any right, claim or interest to the property in question.

Was the Probate Court in error in so finding?

A brief statement of facts as disclosed by the record is pertinent. Howard Byers was born on October 31, 1914, the child of Elmer Byers and Nellie Byers. Howard Byers was adopted by John W. Deacher and his wife, Emma Deacher, on or about June 19, 1917, in the Probate Court of Mahoning county. John W. Deacher and Emma Deacher were divorced on March 6, 1925, because of the aggression of John W. Deacher. Emma Deacher died intestate on February 9, 1928, a resident of Mahoning county, Ohio. A purported last will and testament in favor of one Nora Kelly was set aside as a forgery in the Mahoning county Common Pleas Court. Emma Deacher left no issue, and no surviving spouse. Surviving her were the following nieces and nephews, to wit: Flora Rainer, Hallie C. Marshall, Roy Baugher, Fred Baugher, Nellie Spencer, Glenn Bennett, Lawrence

Bennett, Minnie Woods, Jennie Elizabeth Rothschild and Ineg Morford. Jennie Elizabeth Rothschild has since died, leaving Alexandra P. Hovey, John Rothschild, Samuel Harry Rothschild and Victor Rothschild, as her heirs at law. Ineg Morford has since died, without issue, intestate as to Ohio property. On or about June 10, 1927, Howard Byers was re-adopted by Elmer Byers and Nellie Byers, his parents, in Trumbull county, Ohio. This decree of re-adoption of Howard Byers by his natural parents was vacated and set aside. Howard Byers is now confined as an inmate in a state institution for feeble minded at Orient, Ohio. David Steiner, plaintiff in the lower court, appellee herein, was appointed administrator of the estate of Emma Deacher by the Probate Court of Mahoning county, Ohio, on July 10, 1930, and is still the administrator of said estate. On July 29, 1930, John Deacher commenced an action in the Probate Court of Mahoning county, Ohio, to declare the adoption of Howard Byers null and void on the following grounds: First, that neither of the parents of Howard Byers, both of whom were then living and competent to act in that respect, gave their written consent to the adoption, as required by law, nor did any other person having legal authority in their behalf give written consent to such adoption; that the only written consent given to the adoption was that of the Glenwood Children's Home, by B. Frank Thomas, president of the board of trustees; that the Glenwood Children's Home was without legal authority to give consent to the adoption; that all proceedings had with respect to the adoption of Howard Byers by John Deacher and Emma Deacher were null and void *ab initio;* that the order of commitment of Howard Byers to Glenwood Children's Home was obtained and rendered without issuing and serving upon the minor, Howard Byers, a citation required by law

in such cases, and was obtained and rendered by fraud
in that the father of Howard Byers was represented
and found to have been served with notice of the filing
of the complaint and the pendency of delinquency
proceedings, whereas the father was not served with
such notice and had no knowledge of the proceeding.
Second, that after the alleged adoption and before
Howard Byers became fourteen years of age he de-
veloped feeble-mindedness as a result of conditions
existing prior to the alleged adoption of which John
Deacher had no knowledge or information, and that
Howard Byers is now in an institution for feeble-
minded children maintained by the state of Ohio.

The Probate Court found that after the adoption
proceedings of Howard Byers by John Deacher and
Emma Deacher, and before Howard Byers became
fourteen years of age, he developed feeble-mindedness
as a result of conditions existing prior to the adoption,
of which John Deacher and Emma Deacher had no
knowledge or information, and that Howard Byers,
*alias* John Terrence Deacher, is now in an institution
for feeble-minded children maintained by the state of
Ohio; that the first ground of the petition to declare
the adoption of Howard Byers, *alias* John Terrence
Deacher, null and void, is not well taken; and that the
second ground of the petition to declare the adoption
null and void is well taken.

It must be conceded by reason of the above facts
that the adoption of Byers by John and Emma Deacher
in 1917 was in all respects in compliance with law
and therefore a valid adoption. Such is the finding
of the court in the action prosecuted by John Deacher
in 1930 wherein he sought to have vacated and
set aside the 1917 adoption. The court in that ac-
tion did find, and there was no successful appeal
prosecuted therefrom, that the order of adoption of
Howard Byers by John Deacher and Emma Deacher,

for the reasons set forth therein, was null and void, and that neither John Deacher nor Emma Deacher had any knowledge or information that Howard Byers prior to his adoption was feeble-minded. It is to be observed that this action, to have the adoption declared null and void, was instituted by John Deacher some two years subsequent to the death of his divorced wife. However the court declared the adoption null and void not limiting the same to John Deacher.

The novel question presented for consideration and determination in the light of the above summary of facts is: Who are entitled to the next estate of inheritance, the nieces and nephews and their descendants, or Howard Byers, the adopted child?

There can be no question but that at the time of the death of Emma Deacher the adoption had not been set aside as null and void under the provisions of Section 8030-2, General Code (now Section 10512-21). We are therefore called upon to determine the effect of the order of the court in the action prosecuted in 1930 by John Deacher, wherein the court held the adoption null and void. This section provided:

"If, after its adoption and before it becomes fourteen years of age, a child develops feeble-mindedness, epilepsy, insanity or venereal disease as a result of conditions existing prior to adoption, and of which the adopting parent had no knowledge or information, a petition setting forth such conditions may be filed in the court which entered the decree of adoption, and if such conditions are proved to the satisfaction of the court, such adoption may be declared null and void. The court shall thereupon make proper disposition of such child by a commitment to an appropriate state institution, as provided in the laws of Ohio, or refer such child to the juvenile court."

In other words, did the finding of the court declaring the adoption null and void relate back to the original adoption so as to cut off rights acquired prior to such declaration by the court? We find no cases in Ohio directly in point, neither have there been any cited to this court wherein this statute has been considered under such a set of circumstances. The adoption in 1917 must be classified as a judgment of the court. Judgments may be as such null and void *ab initio*, or voidable, at the option of the parties seeking relief on that ground. In 23 Ohio Jurisprudence, 819, Section 519, we find the following, supported by Ohio authorities:

"A void judgment is a mere nullity which is not respected as the act of a court. It is the same as if there were no judgment, and can be disregarded entirely in any other court. The judgment has no legal or binding force or efficacy, and is no protection to those who seek to enforce it. Such a judgment is subject to collateral attack."

Further, in 23 Ohio Jurisprudence, 820, Section 520, it is said:

"A judgment, which is voidable merely, is not a mere nullity, but only subject to be avoided by direct attack. Until annulled, it has all the ordinary consequences of a legal judgment, and is binding upon the parties."

Section 8030-2, General Code (now Section 10512-21), does not provide that under such circumstances the court shall declare such adoption void, but that the court may do so.

We are of the view that such declaration, or finding, by the court operates prospectively only, not retrospectively so as to cut off rights acquired prior to such declared revocation. Such being our conclusion the judgment of the lower court must be reversed, and coming now to render the judgment which the lower

court should have rendered final judgment is rendered in favor of appellants.

*Judgment reversed.*

PHILLIPS and NICHOLS, JJ., concur.